# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Escareno*, 2013 IL App (3d) 110152

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ENRIQUE G. ESCARENO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0152 |
| Filed | January 8, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although the evidence was sufficient to sustain defendant's conviction for aggravated criminal sexual abuse, the trial court should have reviewed *in camera* the statutorily privileged records of the Department of Children and Family Services concerning an unfounded report of an investigation against defendant before granting the State's motion to quash the subpoena defendant filed to obtain the records; therefore, the cause was remanded to allow such a review, and if the records contain information that would change the result, defendant should be granted a new trial, but if not, his conviction should be upheld. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 10-CF-279; the Hon. Charles H. Stengel, Judge, presiding. |
| Judgment | Affirmed in part and remanded. |

Counsel on
Appeal

Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Terry A. Mertel and Thomas D. Arado, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Lytton and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Enrique G. Escareno, was convicted of two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2008)) and sentenced to two concurrent terms of eight years' imprisonment. Defendant appeals, arguing that: (1) the evidence was not sufficient to prove him guilty beyond a reasonable doubt; and (2) he was deprived of his constitutional right to present a defense when the trial court denied his motion to subpoena records without first conducting an *in camera* review of the records. We find the evidence was sufficient to convict defendant but remand the cause for an *in camera* review of the records requested in defendant's subpoena.

¶ 2                                    FACTS

¶ 3    On August 17, 2010, the State filed an information charging defendant with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2008)). During pretrial discovery, defendant issued a subpoena for all records and statements made by witnesses pertaining to the Department of Children and Family Services (DCFS) investigation against him. DCFS responded to the subpoena with a letter stating that it could not release the information because it was contained in an unfounded report. The letter included a citation to section 7.14 of the Abused and Neglected Child Reporting Act (the Act) (325 ILCS 5/7.14 (West 2008)), which states that such information is privileged. Thereafter, defendant filed a demand for further discovery seeking, among other things, police and DCFS reports generated as the result of a previous allegation made by the victim against another individual, D.G., who was never criminally charged.

¶ 4    The Attorney General filed a motion to quash defendant's subpoena, and the cause proceeded to a hearing. At the hearing, defendant's attorney informed the court that the State had provided him documents as requested with regard to the allegation made by the victim against D.G. He stated that he was satisfied with the State's response pursuant to that request.

-2-

Therefore, the remainder of the hearing focused on defendant's request for DCFS records relating to the investigation against defendant. At the conclusion of the hearing, the court granted the State's motion to quash. At no time did the court review the DCFS records *in camera*.

¶ 5    The cause proceeded to a jury trial. The victim testified that defendant asked her to babysit his three children on December 5, 2009, because he had wrestling practice. When the victim arrived, defendant did not leave. Defendant told his children to go into the other room, and he sat next to the victim. Defendant then sat on top of the victim's legs and started touching her. He next got up and sat in front of her. While in this position, defendant began lifting up the victim's shirt and touching her skin. He also attempted to pull down her pants. Defendant touched the victim's stomach and then put his hand over her vagina two or three times. At one point, defendant placed his bare hand inside the victim's clothing and directly on top of her vagina.

¶ 6    The victim testified that the touching lasted for approximately one hour. During that time, the victim told defendant "no," but defendant told her, "It's OK. It's all right." The victim also kept calling defendant's children into the room because she knew defendant would not touch her in front of them. After she called them in, defendant would tell the children to leave. At some point, the victim was able to use her cellular telephone. She sent her cousin a text message asking her to come to defendant's residence and get her so that she would have an excuse to leave. She stated that she was too afraid to leave on her own because she thought defendant would grab her and force her to stay. Eventually the victim's cousin arrived, and the victim left with her.

¶ 7    The victim's cousin testified that she arrived at defendant's house after receiving a number of text messages from the victim. In the messages, the victim informed her cousin that defendant was "putting his tongue down her throat, groping her chest, going down her pants." The victim also stated that she was scared, did not know what to do, and wanted to leave. When the cousin arrived at defendant's house, the victim was crying. The victim's mother also testified that the victim was crying when she called her after the incident.

¶ 8    Defendant stipulated that the victim's birthday was February 25, 1993, and that she was between the ages of 13 and 17 when the incident occurred. He also stipulated that he was born on July 20, 1975. Defendant testified that he asked the victim to babysit on December 5, 2009, because he had wrestling practice. However, when his ride to practice did not show up, he paid the victim and told her she could leave. The victim decided to stay. She remained at his house and played with defendant's children. She also told defendant that she was out late partying the night before. During her time there, the victim left the residence twice to smoke a cigarette. The third time she left, she returned with her cousin and told defendant she had to help her cousin move. After the victim left, her father came to defendant's house and confronted him. Defendant testified that he did not inappropriately touch the victim or commit any of the alleged acts.

¶ 9    The jury found defendant guilty of both counts of aggravated criminal sexual abuse. The trial court denied defendant's motion for a new trial and sentenced defendant to concurrent terms of eight years' imprisonment. Defendant appeals.

¶ 10                                    ANALYSIS

¶ 11                          I. Sufficiency of the Evidence

¶ 12        Defendant first argues that the State failed to prove him guilty of aggravated criminal sexual abuse beyond a reasonable doubt. When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry defendant; rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985). A conviction will only be overturned where the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People v. Smith*, 185 Ill. 2d 532 (1999).

¶ 13        Defendant claims that the case came down to the victim's word against defendant's and that the victim was not credible. We note that we are not in a position to make credibility determinations and that our task is to determine whether evidence, when viewed in a light most favorable to the prosecution, could allow a rational trier of fact to find the essential elements of aggravated criminal sexual abuse beyond a reasonable doubt. To convict defendant of aggravated criminal sexual abuse, the State had to prove that defendant committed an act of sexual conduct with a victim who was at least 13 years of age but under 17 years of age and that defendant was at least 5 years older than the victim. See 720 ILCS 5/12-16(d) (West 2008). Sexual conduct includes the knowing touching, either directly or through clothing, of the victim's breast or sex organ by the defendant. 720 ILCS 5/12-12 (West 2008).

¶ 14        In this case, defendant stipulated that the victim was between the ages of 13 and 17 at the time of the incident and that he was more than 5 years older than her. The victim testified that defendant touched her inappropriately a number of times. Her testimony included statements that defendant tried to put his hand up her shirt and placed his bare hand under her clothing and directly on top of her vagina. The victim's cousin testified that she received text messages from the victim during the incident that informed her that defendant was touching the victim's chest and placing his hand down her pants. The victim's mother testified that the victim called her and was crying after the incident. This evidence, viewed under the *Collins* standard, was sufficient to establish beyond a reasonable doubt that defendant committed the offense of aggravated criminal sexual abuse.


¶ 15                               II. *In Camera* Review

¶ 16        Defendant next argues that he was denied his constitutional right to present a defense when the trial court quashed his subpoena to DCFS without first conducting an *in camera* review of the privileged material. It is well settled that the government is obligated to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). Therefore, it follows that a defendant has a limited right to examine otherwise statutorily privileged information if the evidence is relevant and material, and if its relevance is not outweighed by other factors. *People v. Bean*, 137 Ill. 2d 65 (1990). A defendant's right to discover exculpatory evidence

does not include the unsupervised authority to search through the State's files. *Ritchie*, 480 U.S. 39.

¶ 17    In *Ritchie*, the United States Supreme Court established a procedure to deal with a defendant's request for privileged information. The Court found that it could protect a defendant's rights to a fair trial and the State's interest in confidentiality by submitting the requested files to the trial court for an *in camera* review. *Id.* at 60. If, after its review, the trial court determines that information contained within the file is material, the court must turn over that information to the defendant. *Id.*

¶ 18    In this case, defendant requests that we remand the cause to the trial court for an *in camera* review of confidential DCFS records relating to the victim's accusations against defendant and a separate allegation against a third party, D.G. The State first argues that defendant has forfeited the issue because he did not specifically request that the trial court review the documents *in camera* prior to its ruling to quash defendant's subpoena. The State cites no authority, and we have failed to find any, that requires a defendant to make a request for an *in camera* review of subpoenaed privileged records. Due process demands that a trial court determine if information contained within privileged records is material before ruling on a motion to quash a request for records. See *Ritchie*, 480 U.S. at 60. Therefore, while we note that it would be wise for a defendant to request an *in camera* review, we conclude that the request for relevant privileged records triggers the court's duty to review those records *in camera* before ruling on a motion to quash the subpoena. We hold the failure to specifically request *in camera* review did not constitute forfeiture of this issue.

¶ 19    The State next argues that defendant has forfeited his right to request an *in camera* review of the DCFS documents related to the victim's allegation against D.G. It is important to note that defendant's subpoena only requested information relating to the allegations against defendant. Defendant's request for information relating to the D.G. accusation came in a separate demand for further discovery. At the hearing on the State's motion to quash defendant's subpoena, defense counsel informed the trial court that he had received the information he requested in his demand for further discovery with regard to the D.G. accusation. Therefore, because defense counsel stated he was satisfied with the State's response to his request regarding the D.G. accusation, it cannot be said that the trial court was under any obligation to review the DCFS records relating to D.G. prior to quashing the subpoena. The subpoena did not request those records.

¶ 20    The question then becomes whether the trial court was under an obligation to review the DCFS records requested in the subpoena before ruling on the State's motion to quash. We note that the statute involved in this case is different than the statute in *Ritchie*. Still, we cannot ignore the due process concerns raised by failing to determine whether material information is contained within statutorily privileged records. Therefore, even though unfounded DCFS reports are made privileged by section 7.14 of the Act (325 ILCS 5/7.14 (West 2008)), defendant has a constitutional right to all material information contained within the report. See *Bean*, 137 Ill. 2d at 97. However, as noted above, that right does not include the ability to review the full records alone. *Id.*

¶ 21    As the Court concluded in *Ritchie*, we hold that the trial court should have reviewed the

DCFS records requested in defendant's subpoena *in camera* and then disclosed any material information contained therein. Because the trial court failed to review the records *in camera*, we remand the cause to the trial court. If, after an *in camera* review, the court determines that the records contain information that, if disclosed to the defense, probably would have changed the outcome of the trial, defendant should be granted a new trial. See *Ritchie*, 480 U.S. 39. If the records do not contain any such information, defendant's conviction should not be disturbed.

¶ 22                                    CONCLUSION

¶ 23      The judgment of the circuit court of Henry County is affirmed in part, and the cause is remanded for further proceedings.


¶ 24      Affirmed in part and remanded.